UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN HENRY DAVIS, | ) |
| Petitioner, | ) Case No. C05-1741-RSM-JPD |
| v. | ) |
| DOUG WADDINGTON, | ) REPORT AND RECOMMENDATION |
| Respondent. | ) |

## I. INTRODUCTION AND SUMMARY CONCLUSION

Petitioner has filed a 28 U.S.C. § 2254 petition for writ of habeas corpus and a motion for appointment of counsel. Respondent has filed responses opposing both the petition and motion. Dkt. Nos. 13, 19. Following a careful review of the pleadings and record, the Court recommends that petitioner's § 2254 petition, (Dkt. Nos. 1, 6), be dismissed because he has failed to adequately exhaust his state court remedies. The motion for appointment of counsel, (Dkt. Nos. 16, 18), should be denied as moot.

## II. FACTS AND PROCEDURAL HISTORY

The facts and procedural history for this matter are brief. On September 2, 2005, petitioner was convicted in King County Superior Court on two counts of violating Washington's Uniform Controlled Substances Act. Dkt. No. 15, Ex. 1. He was sentenced to thirty months on count one and eighteen months on count two, with the sentences to run concurrently. *Id.* Petitioner is presently serving his sentence at the Stafford Creek Corrections Center in Aberdeen, Washington.

REPORT AND RECOMMENDATION
PAGE -1

On September 12, 2005, petitioner submitted to Division One of the Washington Court of Appeals (the "Court of Appeals") a motion that it construed as a personal restraint petition ("PRP"). Dkt. No. 15, Ex. 3. On November 17, 2005, the Court of Appeals dismissed the PRP for failure to pay the required filing fee or provide a statement of his finances. Dkt. No. 15, Ex. 4. Acting through counsel, petitioner filed a notice of direct appeal in the Court of Appeals. Dkt. No. 15, Ex. 2. That appeal is still pending. Dkt. No. 1.

On October 14, 2005, petitioner filed the present 28 U.S.C. § 2254 petition for writ of habeas corpus. In it, petitioner challenges the validity of his plea and argues that the sentencing judge erroneously applied the sentencing guidelines.

### III.  DISCUSSION

This petition should be dismissed without prejudice because petitioner has failed to properly exhaust his state court remedies. In order for a federal district court to review the merits of a § 2254 petition, the petitioner must first exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A); *Fields v. Waddington*, 401 F.3d 1018, 1020 (9th Cir. 2005). A petitioner can satisfy the exhaustion requirement by either (1) fairly and fully presenting each of his federal claims to the state's highest court, or (2) demonstrating that no state remedies are available to him. *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996) (internal citations omitted). Thus, "a would-be habeas corpus petitioner must await the outcome of his [state court] appeal before his state remedies are exhausted." *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983).

In this case, the record indicates that a direct appeal of petitioner's state court sentence is currently pending in the Court of Appeals. Dkt. Nos. 1, 6. Petitioner's state court remedies are therefore unexhausted. This petition should therefore be dismissed without prejudice. Additionally, petitioner's motion for appointment of counsel, (Dkt. Nos. 16, 18), should be denied because it is moot. A proposed order accompanies this Report and Recommendation.

## IV.  CONCLUSION

For the reasons discussed above, the Court recommends dismissing this § 2254 without prejudice because petitioner has not exhausted his state court remedies. His motion for appointment of counsel should be denied as moot. A proposed order accompanies this Report and Recommendation.

DATED this 24th day of February, 2006.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge